Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment recovered by Carneal on the trial of a traverse taken to an inquest had under the act regulating proceedings in writs of forcible entries and detainers.
The assignment of errors questions the decision of the circuit court, in permitting William Rout to give evidence before the jury, and also in refusing to award a new trial.
The competency of Rout as a witness was objected to on the ground of his interest, and for the purpose of shewing his interest the bond taken by the justice, and signed by Rout and Carneal was exhibited to the court. Whereupon the court made an order discharging Rout from his liability under the bond, and other bond and security having been given by Carneal, permitted Rout to give evidence. Unless the order discharging Rout from his securityship, released him from all liability under the bond given to the justice, there is no doubt he was an incompetent witness. For having by the bond stipulated to pay all cost and damages which might accrue in case Carneal should not be successful in the traverse, so long as the bond remained in force, he must of necessity be directly and immediately interested in the contest, and as such could not he introduced by Carneal to prove any part which might conduce to his success. And with respect to the order made by the court, we *519 have no doubt it cannot have the effect, contended for, of releasing Rout from his obligation under the bond.
A person entering upon lands under a contract to purchase and afterwards cancelling that contract and accepting a lease is not liable to a warrant of forcible entry or detainer, not to the former, because his entry was with the assent of plaintiff, nor to the latter, because he did not as a tenant.
We know of no law even authorising the court to take a bond for the due prosecution of a traverse, much less to release the obligation of those who may have executed the bond in pursuance to the requisitions of the statute. The statute requires the bond to be taken by the justice, and the security to be approved by him. The bond when so taken imposes an obligation upon those executing it, and to permit its operation to be defeated by an order of the court, would be conceding to courts, deriving all their authority from law, a power greater than the legislature could confer, without a violation of that provision of the constitution which interdicts the passage of any law impairing the obligation of contracts.
Rout, therefore, notwithstanding the order discharging him, remained liable under the bond executed by him and Carneal, and consequently, should not have been permitted to give evidence to the jury. The motion for a new trial was made on the grounds of the verdict being against law and evidence.
It appears from the evidence that after Jack had been dispossessed by a writ of habere facias possessionem, he entered into a contract with Carneal for the purchase of the land now in contest, and having for some time continued in the possession under the contract, by mutual consent of the parties the contract was cancelled, and a lease then given by Carneal to Jack for the land, and after the expiration of the lease, Jack refusing to restore the possession, Carneal caused to issue from a justice of the peace, a warrant for a forcible detainer.
Had no lease been given by Jack, it is clear that upon the contract of purchase being cancelled, Carneal could not have recovered the possession by a proceeding under the act regulating writs of forcible entries and detainers. For as the possession was acquired by the assent of Carneal, it is plain Jack could not have been guilty of a forcible entry; and he could not be guilty of a forcible detainer in the sense intended by the act, because having entered under the contract to purchase, he cannot have become thereby Carneal’s tenant, so as to be liable to be proceded against as a forcible detainer, as was held by this court in the case of Hays against Connel’s heirs, 1 Mar. 393.
If then, we are correct in supposing that by taking the *520 possession and holding under the contract of purchase, Jack did not become the tenant of Carneal, so as to subject himself to a proceeding under the act regulating writs of forcible detainer, it results that having heretofore taken the lease and held once, cannot have authorised the jury to find against him.
Talbot for appellant, H. Bibb for appellee.
For it is only when the possession is obtained by the defendant as tenant, that he can be adjudged guilty of forcibly detaining the premises, by refusing to restore the possession—1 Marsh. 320
The judgment must be reversed with cost, the cause remanded, and further proceedings had, not inconsistent with this opinion.